**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL ABDELSHAHID,** | ) | **CASE NO. 1:08CV1480** |
| | ) | |
| Plaintiff, | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| v. | ) | |
| | ) | |
| **COMMISSIONER OF** | ) | **MEMORANDUM OPINION** |
| **SOCIAL SECURITY,** | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is an action to review a final decision of the Commissioner of Social Security denying Plaintiff Michael Abdelshahid's ("Abdelshahid") application for Supplemental Security Income (SSI), pursuant to 42 U.S.C. § 405(g).

**I. BACKGROUND**

On July 8, 2008, pursuant to L.R. 72.2, this matter was automatically referred to Magistrate Judge George J. Limbert for a report and recommendation. (Dkt. # 4). On September 3, 2008, pursuant to General Order 2008-17, the matter was reassigned to Magistrate Judge Benita Y. Pearson. (Dkt. # 9). On July 10, 2008, Magistrate Judge Pearson issued a Report and Recommendation ("R&R"), recommending that the Court reverse and remand the decision of the Administrative Law Judge ("ALJ"), pursuant to the Fourth Sentence of 42 U.S.C. § 405(g). (Dkt. # 18). Defendant Commissioner of Social Security Administration ("the Commissioner") timely filed objections to

1

Magistrate Judge Pearson's R&R, arguing that the decision of the ALJ was supported by substantial evidence and should be upheld. (Dkt. # 19). Abdelshahid filed a response to the Commissioner's objections. (Dkt. # 20).

## II. LAW AND ANALYSIS

Neither party has objected to the facts as set forth in Magistrate Judge Pearson's R&R. Therefore, the Court adopts the facts contained in the R&R. (Dkt. # 18 at 2-3). In addition, both parties agree to the statutory requirements Abdelshahid must meet to qualify for SSI benefits. In order for a person under the age of 18 to be considered disabled, he must have a "medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C. § 1382(c)(3)(i); 20 C.F.R. §§ 416.906, 416.911(b). Such a finding requires a three-step evaluation process. See 20 C.F.R. § 416.924(a). First, a child will be found "not disabled" if he is engaging in substantial gainful activity. See 20 C.F.R. § 416.924(b). Second, a child will be found "not disabled" if he does not have an impairment or combination of impairments that is severe, i.e., impairments that cause no more than minimal functional limitations. See 20 C.F.R. § 416.924(c). The instant dispute arises at step three. At step three, a child will be found "disabled" if he has an impairment or combination of impairments that meets, medically equals, or functionally equals an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. See 20 C.F.R. § 416.924(d).

If a child does not meet or medically equal a "listing" in 20 C.F.R. Pt. 404, Subpt. P, App. 1, the ALJ must determine whether the impairment "results in limitations that functionally equal the listings." 20 C.F.R. § 416.926a. To do so, the ALJ must consider

the severity of the child's limitations in the following six domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. Id. To be considered disabled, the child must demonstrate "marked" limitations in at least two of the six domains or an "extreme" limitation in one domain. Id.

In her R&R, Magistrate Judge Pearson found that the ALJ did not rely on substantial evidence in determining that Michael did not demonstrate at least a marked limitation in the domains of: (1) acquiring and using information; 2) interacting and relating with others; and 3) health and physical well-being.

The Commissioner objects to Magistrate Judge Pearson's finding that Abdelshahid had impairments functionally equivalent to the listing. Specifically, the Commissioner objects on two grounds. The Comissioner contends that: 1) substantial evidence supports the ALJ's findings the Michael did not functionally equal a "listing;" and 2) Magistrate Judge Pearson misapplied evidence that is only related to an uncontested issue.

"Pursuant to 42 U.S.C. § 405(g), the findings of the ALJ are conclusive if they are supported by substantial evidence. Accordingly, [this Court's] review is limited to determining whether there is substantial evidence in the record to support the findings." Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 851 (6th Cir. 1986). The fact that different fact finders could reach different conclusions based on the evidence does not render the decision of the ALJ invalid. To the contrary, a reviewing court "must defer to an agency's decision even if there is substantial evidence in the

3

record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Jones v. Commissioner of Social Security, 336 F.3d 469, 475 (6th Cir. 2003) (internal quotations omitted). The ALJ's decision must stand so long as there is substantial evidence in the record to support it.

Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994). However, where the ALJ relies on a "mere scintilla" of evidence to support his findings, the Court may step in and order reversal or remand for additional findings. Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

The Court has reviewed the R&R *de novo* and finds that it is well-supported. The Court concurs that the record in the instant case is "clearly ambiguous or otherwise incomplete in certain important respects." (Dkt. # 18 at 1). As stated by Magistrate Judge Pearson, the ambiguity "centers around the functional effects of Plaintiff Michael Abdelshahid's hearing loss in both ears ("bilateral") and is so pervasive as to convince the undersigned that the Agency's denial and the testimony of the Medical Expert were, at crucial times, based upon speculation rather than substantial evidence." The record contains insufficient and conflicting evidence regarding Abdelshahid's hearing loss that must be explored and resolved by the ALJ upon remand. Otherwise, the record, as it stands, does not contain substantial evidence to support the ALJ's finding that Abdelshahid did not demonstrate at least a marked limitation in the domains of: (1)

acquiring and using information; (2) interacting and relating with others; and (3) health and physical wellbeing. The Commissioner's objections are without merit and are, therefore, overruled.

## III. CONCLUSION

For the foregoing reasons, Magistrate Judge Pearson's R&R is **ADOPTED**. (Dkt. #16). The instant matter is hereby **REMANDED**, pursuant to the Fourth Sentence of 42 U.S.C. § 405(g). (Dkt. # 1). Upon remand, the ALJ shall evaluate the extent of Michael Abdelshahid's bilateral hearing loss and the effect of that hearing loss on his ability to function in a manner consistent with governing regulations.

**IT IS SO ORDERED.**

                                            **/s/ Peter C. Economus – September 22, 2009**
                                            **PETER C. ECONOMUS**
                                            **UNITED STATES DISTRICT JUDGE**